### HILLIARD *v.* ARNOLD *et al.*

1. Where to an offer to probate an instrument in writing as the last will and testament of a named person a caveat is interposed on the grounds both of lack of testamentary capacity and of undue influence, the propounder will not be allowed to impeach the verdict by the affidavit of a member of the jury that rendered it, to the effect that the jury made their verdict solely on the ground of undue influence exercised by the propounder upon the testator, the propounder contending that there was no evidence to support this ground.

2. While the charge upon the subject of impeachment of witnesses was not perfectly adjusted to the case as made by the evidence, the inaccu-

racy was not of such a character as to be cause for the grant of a new trial.

3. The exceptions to the charge, on the ground that certain portions were without evidence to authorize them, are without merit when considered in the light of the entire record.

4. Several of the grounds of the motion for a new trial are based upon the admission of evidence, but these grounds fail to show either the ground of objection or that the ground of objection was urged at the time the evidence was offered. That being the case, the exceptions contained in these grounds can not avail the plaintiff in error here.

5. There was sufficient evidence to authorize the verdict.

MAY 16, 1917.

Appeal. Before Judge Park. Morgan superior court. June 10, 1916.

*Rosser, Slaton, Phillips & Hopkins, E. W. Butler,* and *M. C. Few,* for plaintiff.

*Samuel H. Sibley and A. G. Foster,* for defendants.

BECK, J. Mrs. Mattie Hilliard offered for probate in solemn form a paper alleged to be the last will and testament of Dr. Wood Arnold. To this a caveat was interposed by M. D. Arnold and others. The caveat contained, among other grounds, one based upon alleged lack of testamentary capacity in the testator, and another upon undue influence exerted by the propounder, the beneficiary in the alleged will, upon the testator, by which the propounder's will was substituted for the will of the testator, and by which his freedom of volition was destroyed. The jury upon the trial of the case returned a verdict sustaining the caveat.

Upon the hearing of the motion for a new trial the propounder submitted for the consideration of the court an affidavit made by a member of the jury that rendered the verdict complained of, wherein he deposed that the verdict was based solely upon the ground that undue influence had been employed to secure the making of the will; and the propounder contends that there was no evidence which supports this ground of the caveat. Such an affidavit as this could not be considered by the court in passing upon the motion for a new trial. It was an attempt to impeach the verdict of the jury by the affidavit of a member of that body; and this can not be done, as has been ruled more than once by this court. In this particular case, however, while we rule upon this question of practice, it is proper to add here, in view of the other grounds of the motion for a new trial, that the contention of the

caveators that undue influence was employed to procure the execution of the will was not without evidence to support it, when all the facts testified to by the witnesses are considered, together with the deduction which the jury were authorized to make from those facts.

The rulings made in headnotes 2 to 5, inclusive, require no elaboration. The exceptions not ruled upon above were without merit.

*Judgment affirmed. All. the Justices concur.*